CRAMMOND (PERRY v.). See Case No. 11,-005.

CRAMMOND (PHILIPS v.). See Case No. 11,092.

CRAMMOND (THELLASSON v.). See Case No. 13,877.

CRAMPTON (THRALL v.). See Case No. 14,008.

## Case No. 3,348.

### CRAMPTON v. VAN NESS.

[4 Cranch, C. C. 350.][1]

Circuit Court, District of Columbia. Nov. Term, 1833.

#### ACTION FOR RENT.

The want of title in fee in the plaintiff is no bar to an action for rent, upon a lease for seven years, with leave to purchase the fee-simple within that term.

Appeal from the judgment of a justice of the peace who gave judgment for a half year's rent, upon a lease for seven years, with leave to the tenant, within that term to purchase the fee-simple upon payment of $480. Mr. Bradley, for appellant, contended that the defendant [John P. Van Ness] is not bound, in equity, to pay the rent, because the plaintiff [James Crampton] has not a good title in fee. Kirtland v. Pounsett, 2 Taunt. 145; Smith v. Stewart, 6 Johns. 46.

But THE COURT (nem. con.) decided that it is no defence, the defendant not having been evicted.

## Case No. 3,349.

### CRAMTON v. TARBELL.[2]

District Court, D. Vermont. Jan. 10, 1878.

MORTGAGE TO SECURE FUTURE ADVANCES—FRAUDULENT CONVEYANCE OF PERSONAL PROPERTY — CHANGE OF POSSESSION—LEASE BY MORTGAGEE OUT OF POSSESSION.

[1. A mortgage to secure future advances is operative as to all advances made in good faith more than two months before the filing of a petition in bankruptcy, and as to those made in good faith within that time.]

[2. By the laws of Vermont, a conveyance of personal property will not pass the title, without change of possession, as against creditors.]

[3. A change in the title to real estate on which personalty is situated is insufficient to show a change of possession as to the personalty. There must be some actual, observable change in control.]

[4. A lease by a mortgagee out of possession, having the apparent legal title, creates the relation of landlord and tenant between the mortgagor in possession and the lessee.]

[5. A mortgage to secure, among other things, a loan to a bankrupt, made to enable the mortgagee to get possession of attached goods, and hold them as a preference over other creditors, is void to the extent of such loan, but will not taint the security as to other advances made in good faith.]

[Distinguished in Crampton v. Jerkowski, 2 Fed. 493.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Not previously reported.]

[In bankruptcy. Action by John W. Cramton, assignee in bankruptcy of Rufus D. Bucklin, against Marshall Tarbell, to set aside alleged fraudulent conveyances.]

WHEELER, District Judge. Upon hearing this cause, it appears that the deed, bond for reconveyance, and bill of sale were all more than two, and in fact more than five, months before the filing the petition in bankruptcy, which was involuntary, and are not, so far as then effective, void by the provisions of the bankrupt law [of 1867 (14 Stat. 517)]. Nothing fraudulent or deceitful about the liabilities which the conveyances were made to secure appears upon the evidence, and it is not found but that they were made in such good faith as to be valid at common law, or under the statute of 13 Eliz. c. 5, as made part of the laws of the state. Gen. St. p. 672, § 32. The deed and bond together amounted to a mere mortgage, and took effect upon the real estate covered immediately, to secure then existing or contemporaneous liabilities, and to secure future advances when they should be made, if operative at all to secure them. As to all made in good faith more than two months before the filing the petition, and as to those made within that time, if they were loans of actual value made in good faith, and it is a security taken in good faith on the occasion of making them, it is operative.

As to the personal property mentioned in the deed as conveyed with the real estate, and that mentioned in the bill of sale as conveyed separately, the conveyances were incomplete to pass the property, as against creditors and those standing in their right, till more had been done than executing the papers. By the laws of the state, continued possession by a vendor of personal property after a sale is conclusive evidence that the sale is fraudulent as to creditors. This is fully settled and well known. This transaction can only stand at all as a sale in respect to the personal property, and the orator stands in the place of and represents the creditors, so that, as to him, there must have been a change of possession good against creditors, or it is not operative at all. As to that mentioned in the bill of sale, there is no pretence of any change till after the 22d day of May, 1877. As to that mentioned in the deed, there is none except the record of the deed, and the transaction with the tenant. Possession of personal property is a fact to be found or not upon the evidence, and a change in the title of real estate on which personal property is situate, made upon the record, is not sufficient to show a change of possession of the personalty. There must be some actual change in the control of it that can be discovered by observation of the property. Flanagan v. Wood, 33 Vt. 332. Here after the papers were executed the defendant was merely a mortgagee out of possession, and the bankrupt was a mortgagor in